1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                 FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    BILLIE STOKES,                              Case No. 1:25-cv-00836-SKO

10                  Plaintiff,                   FIRST SCREENING ORDER

11          v.                                   (Doc. 1)

12   HANFORD POLICE DEPARTMENT, et               **THIRTY-DAY DEADLINE**
     al.,
13
                    Defendants.
14

15          Plaintiff Billie Stokes is proceeding pro se and *in forma pauperis* in this action.  Plaintiff

16   filed his complaint in the Sacramento Division of this Court on July 7, 2025.  (Doc. 1).  The case

17   was transferred, *sua sponte*, to the Fresno Division on July 10, 2025.  (*See* Doc. 3.)  Upon reviewing

18   the complaint, the undersigned concludes that it fails to state any cognizable claims.

19          Plaintiff has the following options as to how to proceed.  He may file an amended complaint,

20   which the Court will screen in due course.  Alternatively, Plaintiff may file a statement with the

21   Court stating that he wants to stand on this complaint and have it reviewed by the presiding district

22   judge, in which case the undersigned will issue findings and recommendations to the district judge

23   consistent with this order.  If Plaintiff does not file anything, the undersigned will recommend that

24   the case be dismissed.

25                          I.      SCREENING REQUIREMENT

26          In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen

27   each case and shall dismiss the case at any time if the Court determines that the allegation of poverty

28   is untrue, or that the action or appeal is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint); *Barren v. Harrington,* 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). The plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## II.    SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff drafted his complaint using the general complaint form provided by the United States District Court for the *Northern* District of California. (Doc. 1.) The complaint names the

Hanford Police Department, the Kings County Jail, "J. Farr," and "T. Davis" as defendants. (Doc. 1 at 1, 2.) Plaintiff states that subject matter jurisdiction is based on federal question. (*Id*. at 2.) In the section in which Plaintiff is asked to indicate which federal law or right is involved, Plaintiff writes "Civil Rights." (*Id*.)

The statement of facts section of the complaint states: "Myself Billie Stokes, My Civil Rights, Assault, false charges, Personal Property Damages, Personal Injury! Harassment, Discrimination, False Reports, Police Brutality, Destroying Personal Property!" (Doc. 1 at 3.) The "Civil Rights" claim is explained as "Pushed, Hit on right side of my face as well as being escorted to a different unit car flying knee kicked with bunt [sic] force! All my civil rights where [sic] taken from me for 7 years time money spend couldn't even get a new job due to the false charges." (*Id*. at 5.) Regarding the relief sought, Plaintiff writes, "70,000,000 for 7 years of my life I cannot get back." (*Id*. at 7.) Plaintiff attaches to the complaint 11 pages comprised of an agency complaint form dated May 15, 2019, describing an interaction with Hanford law enforcement on May 13, 2019; a "transcript" of an interaction between Plaintiff and Defendant J. Farr; a "Certificate of Graduation" from a "Citizens Police Academy Class" presented by the Fresno Police Department dated October 8, 2014; a civil rights complaint filed April 11, 2025, in Superior Court of California, County of Kings, against the "Hanford Police Department, et al."; and a "Bail Information Sheet" from the Alameda County Sheriff's Office dated June 10, 2023. (*See id*. at 9–19.)

### III.    DISCUSSION

For the reasons discussed below, the Court finds that the complaint does not state any cognizable claims. Plaintiff shall be provided with the legal standards that appear to apply to his claim and will be granted an opportunity to file an amended complaint to correct the identified deficiencies.

**A.    "Civil Rights": Section 1983**

Title 42 U.S.C. § 1983 ("Section 1983") provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009); *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not

1    itself a source of substantive rights but merely provides a method for vindicating federal rights

2    elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th

3    Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393–94 (1989)) (internal quotation marks

4    omitted). It "creates a cause of action based on personal liability and predicated upon fault; thus,

5    liability does not attach unless the individual defendant caused or participated in a constitutional

6    deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *see Taylor v. List*, 880 F.2d 1040,

7    1045 (9th Cir. 1989) ("Liability under [S]ection 1983 arises only upon a showing of personal

8    participation by the defendant.").

9        To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted

10    under color of state law, and (2) deprived them of rights secured by the Constitution or federal law.

11    *Long*, 442 F.3d at 1185; *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012)

12    (discussing "under color of state law"). A person deprives another of a constitutional right, "within

13    the meaning of [Section] 1983, 'if he does an affirmative act, participates in another's affirmative

14    act, or omits to perform an act which he is legally required to do that causes the deprivation of

15    which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183

16    (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "

17        A Section 1983 plaintiff's allegations must demonstrate that each individual defendant

18    personally participated in the deprivation of their rights. *Jones*, 297 F.3d at 934. This requires the

19    presentation of factual allegations sufficient to state a plausible claim for relief. Persons proceeding

20    pro se are entitled to have their pleadings liberally construed and to have any doubt resolved in their

21    favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). But the sheer

22    possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability

23    falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*,

24    572 F.3d 962, 969 (9th Cir. 2009).

25        As set forth below, although he purports to bring a claim for "Civil Rights" (Doc. 1 at 2, 5),

26    Plaintiff has not pleaded a cognizable claim under Section 1983.

27        1.    Claims Against the Hanford Police Department and the Kings County Jail

28        Plaintiff names as defendants the Hanford Police Department and the Kings County Jail, as

4

indicated above.  If Plaintiff wishes to proceed with a Section 1983 claim at the entity level—rather than asserting them against individual officers—he will need to meet the legal standard for stating a constitutional claim against a municipal entity.  Although there is split authority on this subject, the undersigned continues to hold that a California police department is not a "person" under Section 1983 and therefore not a proper defendant for Section 1983 claims.  *See Gunn v. Stanton Corr. Facility*, No. 2: 21-CV-0456-KJN-P, 2021 WL 1402141, at *2 (E.D. Cal. Apr. 14, 2021) (citing *Cantu v. Kings Cty.,* No. 1:20-CV-00538-NONE-SAB, 2021 WL 411111, at *1-2 (E.D. Cal. Feb. 5, 2021) (discussing split authority in this district)).  Nor is the Kings County Jail a properly named defendant under Section 1983.  *See Gatlin v. Bank of Am.*, No. 2:23-CV-0272-DAD-KJN P, 2023 WL 2529725, at *2 (E.D. Cal. Mar. 15, 2023) ("Turning to plaintiff's claim against defendant Sacramento County Jail, an agency or department of a municipal entity is not a proper defendant under Section 1983.").  This is because the Hanford Police Department and the Kings County Jail are subdivisions, departments, or agencies of a local government entity—in this case the City of Hanford and the County of Kings, respectively.  *Nelson v. County of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. Feb. 26, 2013) ("Under [Section] 1983, 'persons' includes municipalities. It does not include municipal departments.").  Thus, Plaintiff would need to sue the City of Hanford and the County of Kings, not the Police Department and the Jail.  If Plaintiff files an amended complaint naming the City of Hanford and the County of Kings as defendants, the legal standard for stating a claim against a municipal entity is as follows.

Liability under Section 1983 may be imposed on local governments when their official policies or customs cause their employees to violate an individual's constitutional rights.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).  A plaintiff may establish *Monell* liability by showing that a city or county employee committed an alleged constitutional violation pursuant to a formal governmental policy or a "longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity."  *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam) (citation omitted).  A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  *Fogel v. Collins*, 531 F.3d

824, 834 (9th Cir. 2008) (citation omitted).  A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a 'custom or usage' with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (citation omitted).  To hold the municipality liable, the policy, practice, or custom must be the "moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Further, the policy or custom must "reflect[ ] deliberate indifference to the constitutional rights of [the municipality's] inhabitants." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016).

Therefore, for any constitutional violation Plaintiff might wish to assert against the City of Hanford and Kings County via Section 1983, he would have to allege facts showing "that a [municipal] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the [municipality]." *Gillette*, 979 F.2d at 1346.  In very restricted circumstances, the ***lack*** of a county policy to limit constitutional violations—for instance a failure to train county employees or officers—can also give rise to *Monell* liability.  *See City of Canton*, 489 U.S. at 390; *Oviatt v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) ("[T]he decision not to take any action to alleviate the problem of detecting missed arraignments constitutes a policy for purposes of § 1983 municipal liability.").

The current complaint lacks sufficient facts to raise a *Monell* claim of any sort against the City of Hanford or Kings County based on any constitutional violation.  Plaintiff merely alleges that the defendants "pushed," "hit," and "kicked" him.  (Doc. 1 at 5.)  Plaintiff does not allege which specific County or City officers or employees violated his constitutional rights, or how they did so; nor does he connect their conduct to a County or City policy, practice, or custom.

Should Plaintiff wish to pursue constitutional claims via Section 1983 against the County, City, and/or its employees or government actors, the Court briefly addresses the problems with the potential constitutional claim suggested in the current complaint so that Plaintiff can address them in any amended complaint, if he chooses.

1      2.      Excessive Force

2          Plaintiff appears to assert a claim for excessive force, although the circumstances and the

3      participants are unclear.  (*See* Doc. 1 at 5.)  The use of excessive force by law enforcement officers

4      in effectuating an arrest states a valid claim under Section 1983.  *See Rutherford v. City of Berkeley*,

5      780 F.2d 1444, 1447 (9th Cir. 1986).  A claim that a law enforcement officer used excessive force

6      in the course of an arrest or investigatory stop of a free citizen is analyzed under the Fourth

7      Amendment reasonableness standard.  *Graham*, 490 U.S. at 394–95. "Determining whether the

8      force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a

9      careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment

10     interests' against the countervailing governmental interests at stake." *Id.* at 396 (citations omitted).

11     Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the

12     totality of the facts and circumstances confronting him.  *Smith v. City of Hemet*, 394 F.3d 689, 701

13     (9th Cir.) (*en banc*) (quoting *Graham*, 490 U.S. at 397), *cert. denied*, 545 U.S. 1128 (2005).

14         "The question is whether the officers' actions are 'objectively reasonable' in light of the

15     facts and circumstances confronting them, without regard to their underlying intent or motivation."

16     *Graham*, 490 U.S. at 397 (citation omitted).  Reasonableness must be assessed from the perspective

17     of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and must allow

18     for the fact that "police officers are often forced to make split-second judgments-in circumstances

19     that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a

20     particular situation."  *Graham*, 490 U.S. 397.  The relevant factors in the Fourth Amendment

21     reasonableness inquiry include "the severity of the crime at issue, whether the suspect poses an

22     immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or

23     attempting to evade arrest by flight."  *Graham*, 490 U.S. at 396.  While these are the most common

24     considerations, they are not "a magical on/off switch that triggers rigid preconditions" to determine

25     whether an officer's conduct constituted excessive force.  *Scott v. Harris*, 550 U.S. 372 (2007).

26     Consequently, courts consider other factors, such as the availability of alternative methods of

27     capturing or detaining the suspect in determining reasonableness.  *Chew v. Gates*, 27 F.3d 1432,

28

1   1441 (9th Cir.1994), *cert. denied*, 513 U.S. 1148 (1995).

2        Plaintiff alleges that he was "Pushed, Hit on right side of my face as well as being escorted

3   to a different unit car flying knee kicked with bunt [sic] force!" (Doc. 1 at 5.)  The Court finds that

4   these allegations as pleaded fail to state a cognizable claim for the use of excessive force in violation

5   of the Fourth Amendment because Plaintiff does not sufficiently plead facts to link any of the

6   defendants to any specific factual allegations sufficient show their "integral participation" in

7   allegedly unlawful actions and whether those actions were objectively unreasonable under the

8   circumstances.

9        3.    "False Charges"

10       Plaintiff pleads that he was subjected to "false reports" and "false charges" (Doc. 1 at 3,

11  5.)  The filing of false reports during a criminal proceeding may be brought as a malicious

12  prosecution claim.[1]   A claim for malicious prosecution or abuse of process is not generally

13  cognizable under Section 1983 if a process is available within the state judicial system to provide

14  a remedy.  *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted).  The

15  exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal

16  protection of the laws or is otherwise intended to subject a person to denial of constitutional rights."

17  *Id.* (citations omitted).  To prevail on a Section 1983 claim of malicious prosecution, a plaintiff

18  "must show that the defendants prosecuted [him] with malice and without probable cause, and that

19  they did so for the purpose of denying [him] equal protection or another specific constitutional

20  right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995) (citations omitted).  *See*

21  *also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004).  Malicious prosecution

22  actions are not limited to suits against prosecutors, but also may be "brought against other persons

23  who have wrongfully caused the charges to be filed." *Awabdy*, 368 F.3d at 1066 (citing *Galbraith*

---

[1] To the extent Plaintiff intends to challenge an ***arrest*** as the result of "false charges," such claim may be pursued as a Fourth Amendment violation under Section 1983.  An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under Section 1983.  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir. 2008).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested." *Id.* (internal quotation marks omitted) (quoting *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007)).  Here, Plaintiff has failed to allege facts to support a lack of probable cause for his arrest sufficient to state a Fourth Amendment false arrest claim

1     *v. Cty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002)). *See also Blankenhorn v. City of*

2     *Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("[a] police officer who maliciously or recklessly makes

3     false reports to the prosecutor may be held liable for damages incurred as a proximate result of

4     those reports").

5         Again, Plaintiff has pleaded no facts to support such a claim. Plaintiff fails to plead to

6     whom any false "charges" or reports were made, *i.e.*, a prosecutor, nor does he plead facts showing

7     the participation by the named defendants in the alleged deprivation of Plaintiff's rights. Plaintiff

8     also pleads no facts that he was prosecuted with malice and without probable cause, or facts

9     sufficient to show that false "charges" or reports were made for the purpose of denying Plaintiff

10    equal protection or another specific constitutional right. Accordingly, Plaintiff has not stated a

11    cognizable claim for malicious prosecution under Section 1983.

12        4.    <u>Statute of Limitations</u>

13         Critically, any Section 1983 claim appears to be time-barred under the applicable statute of

14    limitations according to the face of the complaint. For claims brought pursuant to Section 1983,

15    the statute of limitations is the forum state's statute of limitations for personal injury actions. *Fink*

16    *v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999); *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir.

17    2004) (noting California's two-year statute of limitations for personal injury actions applies to §

18    1983 claims); *McDougal v. County of Imperial*, 942 F.2d 668, 674-674 (9th Cir. 1991) *overruled*

19    *on other grounds by Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2005) ("suits under § 1985(3)

20    are . . . governed by the same statute of limitations as actions under §1983). The California statute

21    of limitations for personal injury actions is two years. Cal. Code Civ. Proc. § 335.1. Although

22    California law determines the limitations period, federal law determines when a claim accrues.

23    *Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 926 (9th Cir. 2004). Under federal law, a claim

24    accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the

25    action." *Id.* (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

26        "Failure to comply with the applicable statute of limitations may be grounds for dismissal

27    at the screening stage if it is apparent from the face of the complaint that plaintiff cannot 'prevail,

28    as a matter of law, on the equitable tolling issue.'" *Tafoya v. City of Hanford*, Case No. 1:20-cv-

00010-NONE-SAB, 2020 WL 1083823, at *5 (E.D. Cal. Mar. 6, 2020) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *Kelly v. Islam*, Case No. 1:18–cv–00018–JDP, 2018 WL 2670661, at *2 (E.D. Cal. June 1, 2018); *El-Shaddai v. Stainer*, 2016 WL 7261230, at *21 (C.D. Cal. Dec. 13, 2016)).    In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law.  *Jones*, 393 F.3d at 927.  This applies to both statutory and equitable tolling.  *Id.* ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.").

"Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness.'"  *Jones*, 393 F.3d at 928 (quoting *Lantzy v. Centex Homes*, 31 Cal.4th 363, 370 (2003)).  "Under California law, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith."  *Fink*, 192 F.3d at 916 (internal quotation marks and citation omitted).

Plaintiff appears to base his claim arising under Section 1983 on events that occurred "7 years" ago.  (Doc. 1 at 5, 7.)  An attachment to Plaintiff's complaint suggests that the events giving rise to Plaintiff's claim occurred in May 2019.  (*See id.* at 9.)  Both time periods are outside the statute of limitations.  Thus, any claim pursuant to Sections 1983 based on events that occurred prior to July 7, 2023, *i.e.*, two years before the filing of the complaint, is facially time-barred and not cognizable, absent any applicable tolling.  If Plaintiff intends to pursue a claim under Section 1983 based on events before that date, any amended complaint should allege facts establishing that the statute of limitations has not run or that equitable tolling applies.

5.    <u>Abstention</u>

Finally, the Court notes that state court records attached to the complaint indicate Plaintiff is or was involved in civil litigation with the Hanford Police Department in Kings County Superior

1    Court, Case Number 25CU0160, *Billie Stokes vs. Hanford Police Department et al.* (*See* Doc. 1 at

2    16.)  If the state court case is currently pending and involves claims based on the same incident at

3    issue here, several abstention doctrines may preclude this Court from deciding this case until the

4    state court case is final.[2]

5          Under the abstention doctrine articulated in *Younger v. Harris*, a federal district court should

6    abstain from hearing a federal case that may interfere with certain state proceedings.  401 U.S. 37,

7    43-54 (1971).  "Abstention is required when: '(i) the state proceedings are ongoing; (ii) the

8    proceedings implicate important state interests; and (iii) the state proceedings provide an adequate

9    opportunity to raise federal questions.'"  *Delta Dental Plan of California, Inc. v. Mendoza*, 139

10    F.3d 1289, 1294 (9th Cir. 1998) (internal citations and quotations omitted).  Although the *Younger*

11    abstention doctrine originated in the context of pending state court criminal proceedings, it has

12    since been extended to certain civil cases.  *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 607 (1975).

13    *Younger* has also been extended beyond state civil enforcement proceedings to also avoid

14    interference with pending civil proceedings involving certain orders that further state courts'

15    performance of judicial functions.  *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).

16    Although *Younger* principles apply to actions for damages as well as for injunctive or declaratory

17    relief, in general the doctrine warrants a stay of damages actions until state proceedings are

18    completed, rather than dismissal.  *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th

19    Cir. 2007).

20          Abstention may also be warranted under the doctrine articulated in *Colorado River Water*

21    *Conservation Dist. v. United States*, which considers the following factors: (1) which court first

22    assumed jurisdiction over any property at stake, (2) the inconvenience of the federal forum, (3) the

23    desire to avoid piecemeal litigation, (4) the order in which the forums obtained jurisdiction, (5)

24    whether federal or state law provides the rule of decision on the merits, (6) whether the state court

25    proceedings can adequately protect the federal litigants' rights, (7) the desire to avoid forum

26    shopping, and (8) whether the state court proceedings will resolve all issues before the federal court.

27

28    ---
[2] The doctrine of *res judicata* may also later bar this Court's consideration of any potential federal claim.  *See Ali v. Cnty. of San Joaquin*, No. 2:17-CV-0509 AC P, 2017 WL 5665836, at *3 (E.D. Cal. Nov. 27, 2017).

1    *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1166 (9th Cir. 2017).

2        Any amended complaint must state whether Plaintiff is or has been involved in any state

3 court litigation or other legal proceedings involving the incident at issue here and, if so, indicate

4 the status or outcome of those proceedings or that litigation.

5 **B.      Leave to Amend**

6        The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable

7 claims.  Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely

8 give leave [to amend] when justice so requires."  Accordingly, the Court will provide Plaintiff with

9 time to file an amended complaint so he can provide additional factual allegations against

10 defendants who are amenable to suit and demonstrate why this case should not be barred by the

11 statute of limitations or stayed in favor of state court proceedings.  *Lopez*, 203 F.3d at 1130.

12        Plaintiff is granted leave to file an amended complaint within thirty days.  If Plaintiff

13 chooses to amend his complaint, in his amended complaint he must state what each named

14 defendant did that led to the deprivation of his constitutional or other federal rights.  Fed. R. Civ.

15 P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones*, 297 F.3d at 934.

16        Plaintiff is further advised that an amended complaint supersedes all prior complaints filed

17 in an action, *Lacey v. Maricopa Cty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and must be "complete

18 in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

19 Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

20 of each defendant must be sufficiently alleged.  Plaintiff is advised that, in determining whether a

21 complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual

22 allegations, not to wade through exhibits.

23        The amended complaint should be clearly and boldly titled "First Amended Complaint,"

24 refer to the appropriate case number, and be an original signed under penalty of perjury.  Although

25 Plaintiff has been given the opportunity to amend, it is not for the purpose of changing the nature

26 of this suit or adding unrelated claims.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

27 "buckshot" complaints).

28        Plaintiff has a choice on how to proceed.  Plaintiff may file an amended complaint as

described above, which will be screened in due course.  Alternatively, Plaintiff may choose to stand on his complaint subject to the undersigned issuing findings and recommendations to a district judge consistent with this order.  Lastly, Plaintiff may file a notice of voluntary dismissal.

## IV.    ORDER

Based on the foregoing, IT IS ORDERED that:

1.    Within thirty (30) days from the date of service of this order, Plaintiff shall either:

    a.    File a First Amended Complaint;

    b.    Notify the Court in writing that he wants to stand on the current complaint;

    or

    c.    File a notice of voluntary dismissal.

2.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:25-cv-00836-SKO.

3.    **<u>Failure to comply with this order may result in the dismissal of this action.</u>**

IT IS SO ORDERED.

Dated:   **July 15, 2025**                                    */s/ Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE

13