# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLIE STOKES,<br>              Plaintiff,<br><br>   v.<br><br>HANFORD POLICE DEPARTMENT, et al.,<br>              Defendants.<br>_____/ | Case No. 1:25-cv-00836-SKO<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL**<br><br>(Doc. 5)<br><br>**TWENTY-ONE DAY DEADLINE** |

Plaintiff Billie Stokes is proceeding *pro se* and *in forma pauperis* in this action. (Docs. 1, 4.) Plaintiff filed his complaint on July 7, 2025.

On July 16, 2025, the Court issued an order finding that Plaintiff's complaint failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within thirty days or to notify the Court that he wishes to stand on his complaint. (Doc. 5.) The screening order was served on Plaintiff by mail on July 16, 2025. (*See* Docket.) To date, Plaintiff has not filed an amended complaint, notified the Court of his intention to stand on his complaint, or requested an extension of time within which to do so.

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court

may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, to obey a court order, or to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, Plaintiff is ORDERED to show cause, within twenty-one (21) days of the date of service of this Order, why a recommendation should not issue for this action to be dismissed for Plaintiff's failure comply with the Court's order and for failure to prosecute his case.** Alternatively, within that same period, Plaintiff may file an amended complaint, a statement indicating he stands on his original complaint, or a notice of voluntary dismissal.  The Court further CAUTIONS Plaintiff that, if he fails to act within twenty-one (21) days of the date of service of this order, the Court will recommend to a presiding district court judge that this action be dismissed, in its entirety.

The Court DIRECTS the Clerk to send a copy of this Order to Plaintiff at his address listed on the docket for this matter.

IT IS SO ORDERED.

Dated:  **August 19, 2025**                    /s/ *Sheila K. Oberto*
                              UNITED STATES MAGISTRATE JUDGE